## Case No. 17,255.

WATERBURY BRASS CO. v. NEW YORK & B. BRASS CO.

[See Case No. 17,256.]

---

## Case No. 17,256.

WATERBURY BRASS CO. v. NEW YORK & B. BRASS CO.

[3 Fish. Pat. Cas. 43.] [1]

Circuit Court, S. D. New York. Dec., 1858.

INFRINGEMENT OF PATENT—EVIDENCE—SIMILARITY OF RESULTS — SUBSTITUTION OF PASSIVE AGENCY—TESTIMONY OF EXPERTS.

1. In an action for the infringement of letters patent, the question is: Do the defendants infringe upon any grant of right secured to the plaintiff by the patent?—not whether they have infringed on all the grants of right secured by the patent—but whether they have infringed upon any one of them.

2. Patents are to be liberally construed; they should not be subjected to too rigid an interpretation. This is a rule of law, and if it were not, and were not regarded, but very few patents would be of any avail.

[Cited in Andrews v. Carman, Case No. 371.]

3. The grant under letters patent to H. W. Hayden, dated December 16, 1851, was valid and required invention, provided the means used, in the manner specified, to accomplish the result, were new and useful.

4. Where the defendants had a patent in which they referred to the patent of plaintiffs, and disclaimed those parts of their invention which were found in plaintiffs' patent: *Held*, that this was an admission of the validity of plaintiffs' patent.

5. It is a safe source of testimony, which can be relied upon with some degree of certainty, in order to ascertain whether the same means are used, to look at the result produced by the means used. Like means, provided the machine is in perfect order, will, in a measure, produce like results.

6. If the patented means were new, and the defendants have used them, they have infringed although they may have used another device, not patented by the plaintiffs, by which the result is accomplished in a more perfect and satisfactory manner.

7. If the defendants substitute for something in the plaintiffs' machine, a passive agency which performs no useful object, in addition to the agency employed by the plaintiffs, such substitution of a passive agency would not alter the character of the plaintiffs' machine; and, if without the substitute of such passive agency the patent of the plaintiffs would be violated, it would also be violated after such passive agency had been substituted.

8. The testimony of experts is useful to show the operation of devices; but when experts undertake to tell what the patent is for, they assume the duty of the court, and when they undertake to say what is or is not a violation of the patent, they not only assume the duty of the court but of the jury.

This was an action on the case, tried before Judge Ingersoll and a jury, to recover damages for the alleged infringement of letters patent [No. 8,589] for "machinery for making kettles and articles of like character, from discs of metal," granted to Hiram W. Hayden, December 16, 1851 [reissued May 24, 1870 (Nos. 3,995, 3,996)], and assigned to plaintiffs.

The disclaimer and claims of the patent were as follows:

"I do not claim any of the gear-wheels or pinions, nor their arrangement, except as hereinafter set forth, some of these being common in ordinary lathes; but I do claim as new, and desire to secure by letters patent of the United States:

"First. The application of a metallic form or mold, or successive forms or molds in combination with a proper tool or tools, roller or rollers, sustained, moved, and directed in a proper path by mechanical means, for the purpose of operating on a disc, blank, or plate of metal, so as to reduce it gradually from the center to the edge, at the same time forming it with straight sides, by successive stages, into a complete kettle, or into any similar articles, to the forming of which this apparatus can be applied, substantially as described and shown.

"Second. The construction of the mandrel, f, 3, part of which is cylindrical, and part fitted with a short screw of the hand-wheel f, 2, so that great pressure may be made at the point desired, while at the same time the mandrel can be easily and quickly moved through a long distance, for the purposes and as described and shown."

G. W. Parsons, N. J. Buell, and E. W. Stoughton, for plaintiffs.

Charles M. Keller and George Gifford, for defendants.

INGERSOLL, District Judge (charging jury). This is a suit brought by the plaintiffs, as assignees of a patent which was originally granted to Hiram W. Hayden, in which they seek to recover damages of the defendants for infringing upon the rights secured by that patent. Where a patent is valid, the rights secured by that patent are as much secured to the patentee as the right which you have to the houses in which you live, and which are made your property by the deeds you have in your possession; and they are as much to be protected as any other right to any other species of property. If the patent is valid, it secures to the patentee rights which should be protected; and the one right should be no more protected than the other. In a case of this kind, the rule of law is, that he who discovers that a certain useful result will be produced in any art, machine, or manufacture, by the use of certain means, is entitled to a patent for it, provided he specifies the means he uses, in a manner so clear and exact that any one skilled in the science or art to which it appertains, can, by the means he specifies, without any addition to or subtraction from them, produce precisely the result described. If

---

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]